**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMAN KUMAR, | No. 11-72349 |
| Petitioner, | Agency No. A087-737-538 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 29, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[**]

Petitioner Raman Kumar, a native of Punjab, India, made his way to Blaine,

Washington on February 12, 2010, after being denied asylum by Canadian

immigration authorities.  Shortly after his arrival, the Department of Homeland

Security ("DHS") took him into custody.  DHS issued a notice to appear, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

charged Kumar as removable for being present within the United States without admission or parole. Kumar conceded the charges and applied for asylum. He also sought withholding of removal and relief under the Convention Against Torture. The basis for Kumar's asylum application and his other requests for relief was that the Punjab police repeatedly harassed him on account of his association with two political activist organizations. The immigration judge ("IJ") denied his claims, finding him to be not credible. The IJ's adverse-credibility determination was based almost entirely upon Kumar's admission that he advanced perjured testimony before the Canadian immigration officials. The Board of Immigration Appeals ("BIA") affirmed.

We may grant the petition only if the record compels a contrary result. Here, it does not. The stories Kumar gave to Canadian and U.S. immigration officials were entirely different. Kumar asserts that he advanced perjured testimony out of fear of being sent back to India and is now telling the truth. However, Kumar did not mention his prior perjured testimony during his direct testimony before the IJ. It was only during cross-examination that he admitted that he had previously sought asylum in Canada, which was denied, and had told a different story there. Moreover, in his asylum application here, Kumar denied having previously sought asylum. Whatever Kumar's reason for advancing perjured testimony, nothing in

2

the record required the IJ and BIA to believe Kumar. Given the totality of the circumstances of this case, we conclude that the negative credibility determination made by the IJ and sustained by the BIA was supported by substantial evidence, see Shrestha v. Holder, 590 F.3d 1034 (9th Cir. 2010), as the record does not compel the conclusion that Kumar was credible, see Zi Lin Chen v. Ashcroft, 362 F.3d 611 (9th Cir. 2004).

**PETITION DENIED.**